**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
Ruhandy Glezakos (SBN 307473)
Joshua Nassir (SBN 318344)
2121 Avenue of the Stars, Suite 2580
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com
rglezakos@treehouselaw.com
jnassir@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paige Vasseur, on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| Reckitt Benckiser LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Paige Vasseur ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Reckitt Benckiser LLC ("Defendant"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

## INTRODUCTION

1.      This class action seeks to challenge Defendant's false and deceptive practices in the labeling and marketing of its Air Wick Essential Oils Sandalwood, Air Wick Essential Mist Sandalwood, and Air Wick Botanica Caribbean Sweetgrass & Sandalwood air freshener products (collectively, the "Products").

2.      At issue is the advertising of the Products, which leads reasonable consumers to believe the Products contain sandalwood essential oil. As depicted and further outlined below, the Products are labeled and/or advertised as containing "Essential Oils" and list "Sandalwood" immediately adjacent to or below this promise. Moreover, the front labels of the Products feature images of sandalwood. The advertising of some of the Products goes as far as to claim that the Products are "infused with 100% natural essential oils."

3.      Unbeknownst to consumers however, the Products ***do not contain any sandalwood essential oil***. Instead, the Products contain sandalore, which is a synthetic, lab made, sandalwood odorant.

4.      Sandalwood oil is a premium, natural essential oil derived from the wood of the sandalwood tree. Sandalwood oil has naturally occurring chemical compounds called sesquiterpenes, which can help promote sleep, relaxation, and provide other health benefits. For these reasons, among others, sandalwood oil is commonly used in perfumes, air fresheners, diffusers, and other consumer products.

5.      Plaintiff and other consumers purchased the Products and paid a premium price based upon their reliance on Defendant's front label representations and advertising about sandalwood essential oil. Had Plaintiff and other consumers been aware that the Products do not contain sandalwood essential oil, they would

1  not have purchased the Products or would have paid significantly less for them.
2  Accordingly, Plaintiff and Class members have been injured by Defendant's
3  deceptive business practices.

4  ## JURISDICTION AND VENUE

5  6.      This Court has subject matter jurisdiction pursuant to the Class Action
6  Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed
7  under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of
8  proposed Class members, the aggregate amount in controversy exceeds $5,000,000
9  exclusive of interest and costs, and Defendant is a citizen of a state different from at
10  least some members of the proposed Classes, including Plaintiff.

11  7.      This Court has personal jurisdiction over Defendant because Defendant
12  has sufficient minimum contacts in California, or otherwise intentionally avails
13  itself of the markets within California, through its sale of goods and products
14  (including the Products) in California and to California consumers.

15  8.      Venue is proper in this judicial District pursuant to 28 U.S.C. §
16  1391(b)(2) because a substantial part of the events or omissions giving rise to
17  Plaintiff's claims occurred in this District. Plaintiff resides in this District and she
18  purchased the Products in this District during the statute of limitations period.

19  ## PLAINTIFF

20  9.      Plaintiff is a citizen of California and currently resides in Santa Clarita,
21  California.   In early 2023, Plaintiff purchased the Air Wick Essential Oils
22  Sandalwood Product from a Target in Valencia, California. Based on the claim
23  "Infused with Natural Essential Oils," the word "Sandalwood" immediately next to
24  it, and images of sandalwood, all on the front label of the Product, Plaintiff
25  reasonably believed the Products contained actual sandalwood essential oil.
26  Moreover, based on these unequivocal front label claims, Plaintiff did not see or
27  review the back label of the Products, and had no reason to. Had she known that the
28  Products did not contain sandalwood essential oil, she would not have purchased

-2-

them, or would have paid significantly less for them. As such, Plaintiff has been directly financially injured by Defendant's false and misleading labeling.

10.     Despite Defendant's misrepresentations, Plaintiff would purchase the Products, as advertised, if they contained sandalwood essential oil. Although Plaintiff regularly shops at stores that carry the Products, absent an injunction of Defendant's deceptive advertising, she will be unable to rely with confidence on Defendant's advertising of the Products in the future. Furthermore, while Plaintiff currently believes the Products' labeling and advertising is inaccurate, she lacks personal knowledge as to Defendant's specific business practices, and thus, she will not be able determine whether the Products truly contain sandalwood essential oil. This leaves doubt in her mind as to the possibility that at some point in the future the Products could be made in accordance with the representations on the Products' front label and advertising. This uncertainty, coupled with her desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading representations. In addition, other Class members will continue to purchase the Products, reasonably but incorrectly, believing that they contain sandalwood essential oil.

## DEFENDANT

11.     Defendant is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. Defendant is one of the largest producers of health, hygiene, and household goods, like the Products challenged in this Complaint.

## FACTUAL ALLEGATIONS

12.     Defendant is responsible for the Air Wick air freshener brand.

13.     At issue in this Complaint are all Air Wick Essential Oils Sandalwood, Air Wick Essential Mist Sandalwood, and Air Wick Botanica Caribbean Sweetgrass & Sandalwood air freshener products, including all pack sizes (collectively, the "Products").

14.     Unfortunately for consumers, Defendant engages in false and misleading advertising for the Products to gain a competitive edge in the market, all at the expense of unsuspecting consumers. As outlined below, Defendant accomplishes this by using front label and other advertising claims that lead reasonable consumers into believing that the Products are made with sandalwood essential oil, when that is far from the case.

### **Air Wick Essential Oils Sandalwood Product**

15.     Specifically, the front label of the Air Wick Essential Oils Sandalwood Product features the unequivocal claim "Infused with Natural Essential Oils" and lists "Sandalwood" immediately underneath or adjacent to this promise. Moreover, the front label features images of sandalwood. Lastly, the front label states "Smells Amazingly Natural." *See examples below.*

-4-



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17
18

19        16.     The online advertising of this Product features the same images of the

20  labeling and also features the claim "Essential Oils." Moreover, the Amazon.com

21  advertising boldly claims that the Product is "infused with 100% natural essential oils."

22  *See example below*.

23
24
25
26
27
28

CLASS ACTION COMPLAINT



**Product Description**

Enhance your home's scent with Air Wick Scented Oil Refills, infused with 100% natural essential oils. Air Wick Scented Oil Refills release continuous fragrance for up to 60 days (based on low setting) so your home smells welcoming. Our latest Air Wick scented oil warmer optimizes airflow for 360 degree fragrance diffusion, reaching every corner of the room for a consistent fragrance experience. The Air Wick Scented Oil warmer also allows you to choose between 5 fragrance settings for just the right amount of fragrance. It continuously diffuses and carefully blends fragrance throughout your home, office, or any space.

## <u>Air Wick Essential Mist Sandalwood</u>

17.     The front label of the Air Wick Essential Oils Sandalwood Product makes similar claims, including the promise that the Product "Transforms Natural Essential Oils Into Mist" and beneath this, uses the word "Sandalwood." The front label also features images of sandalwood. *See below.*

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

18.    The online advertising of this Product features the same images of the labeling and also features the claim "Essential Oils." Moreover, the Amazon.com advertising also claims that the Product "Transforms natural essential oils into gentle mist" and to "Discover the more natural & premium fragrance experience of essential oils diffused by mist." *See examples below.*




CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Product Description**

Discover the more natural & premium fragrance experience of essential oils diffused by mist with Air Wick Essential mist diffuser. It transforms natural essential oils into a gentle, fragrant mist that surrounds your home with the fragrances you love.

### **Air Wick Botanica Caribbean Sweetgrass & Sandalwood Product**

19.     Lastly, the front label of the Air Wick Botanica Caribbean Sweetgrass & Sandalwood product features the claim "Nature Inspired" and "Planet Conscious." Immediately below this is the word "Sandalwood" and pictures of sandalwood bark. *See below*.



Botanica by Air Wick Plug in Scented Oil Refill, 10ct, Caribbean Sweetgrass and Sandalwood, Air Freshener, Eco Friendly, Essential Oils

Scent:Caribbean Sweet Grass and Sandalwood

   

 

20.    Moreover, the Amazon.com advertising of this Product features the phrase "Essential Oils," "Natural Ingredients" and "Infused with Natural Essential Oils." *See example below*.







-11-

CLASS ACTION COMPLAINT

21.    Based on the foregoing representations, reasonable consumers purchase the Products with the expectation that the Products contain sandalwood essential oil, which is a natural essential oil.

22.    However, unbeknownst to consumers, ***the Products do not contain any sandalwood essential oil***. Instead, the Products contain sandalore, which is a synthetic, lab made, sandalwood odorant.

23.    As such, the Products are falsely and deceptively labeled and advertised.

24.    The perception that the Products contain sandalwood essential oil is material to consumers' purchasing decisions. Sandalwood essential oil is a premium, natural essential oil derived from the wood of the sandalwood tree. Sandalwood oil has naturally occurring chemical compounds called sesquiterpenes, which are valuable in promoting relaxation, sleep, and other health benefits. For these reasons, not only is sandalwood oil commonly used in perfumes, air fresheners, and self-care products, but consumers also value the use of real sandalwood essential oil in these types of products.

25.    The expectation that the Products contain sandalwood essential oil is even more reasonable considering that similar air freshener products from competitor brands actually contain sandalwood or sandalwood oil, unlike Defendant's Products. Indeed, these products are advertised with nearly identical representations about "sandalwood" and "essential oil[s]." For example, Glade's "Aromatherapy Choose Calm Lavender + Sandalwood Dual Blend of Essential Oil-Infused Fragrance" contains both sandalwood oil and lavender oil.[1] *See example below*.

_____

[1] https://www.whatsinsidescjohnson.com/us/en/brands/glade/Glade--Choose-Calm-Cool-Mist-Diffuser-Starter-Kit

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

26.    Another    example    is    the    Sprouts    brand    Sandalwood    &    Yuzu
Aromatherapy Room & Body Spray, which contains sandalwood.[2]



---

[2]https://shop.sprouts.com/product/65609?retailer_id=279&retailer_id=279&utm_medium=
sem_shopping&utm_source=instacart_google&utm_campaign=ad_demand_shopping_pbi
_sprouts_rp&utm_content=accountid-2517820300_campaignid-20237816638_adgroupid-
148452325166_device-c&utm_term=locationid-
1013587&gclid=Cj0KCQjwqP2pBhDMARIsAJQ0CzpdHlS21IcBcifXS4KY27MGLMV
R_UMtlbVYXFjh0xPcZEtl8m_SgJAaAncfEALw_wcB

1

2

3

27.    As the entity responsible for the development, manufacturing, packaging, labeling, advertising, distribution and sale of the Products, Defendant knew or should have known that the Products falsely and deceptively represent that they contain sandalwood essential oil.

28.    Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's front label representations and other advertising about sandalwood essential oil. Nonetheless, Defendant deceptively advertises the Products in order to deceive consumers and compete with other manufacturers who use real sandalwood oil in their products.

29.    Consumers are willing to pay more for the Products based on the belief that the Products contain sandalwood oil, as promised on the front label. Plaintiff and other consumers would have paid significantly less for the Products, or would not have purchased them at all, had they known the truth about them. Thus, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed. Therefore, Plaintiff and other consumers purchasing the Products have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**
All residents of the United States who purchased any of the Products within the applicable statute of limitation ("Nationwide Class").

**California Class**

All residents of California who purchased any of the Products within the applicable statute of limitation ("California Class").

**California Consumer Subclass**

All residents of California who purchased any of the Products for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the Nationwide Class and the California Class, the "Classes").

31.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

33.     Plaintiff is a member of all the Classes.

34.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendant's records. At a minimum, there likely are at least thousands of Class members.

35.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

        a.   whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

b. whether reasonable consumers would rely upon Defendant's representations about the Products and reasonably believe the Products contain sandalwood essential oil;

c. whether Defendant knew or should have known its representations were false or misleading;

d. whether Defendant was unjustly enriched by retaining monies from the sale of the Products;

e. whether certification of each Class is appropriate under Rule 23;

f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

g. the amount and nature of the relief to be awarded to the Plaintiff and the Classes, including whether Plaintiff and the Classes are entitled to punitive damages.

36. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Products and relied on the representations made by the Defendant about the Products prior to purchasing the Products. Plaintiff and the members of each Class paid for Defendant's Products and would not have purchased them (or would have paid substantially less for them) had they known that the Defendant's representations were untrue.

37. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

38. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting

only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

39. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

40. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to advertise, market, promote, and sell the Products in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(*For the California Consumer Subclass*)**

41. Plaintiff repeats the allegations contained in paragraphs 1-40 above as if fully set forth herein.

-18-

42.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

43.     The Products are "good[s]" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

44.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By using representations about sandalwood essential oil on the front label and advertising of the Products, Defendant has represented and continues to represent that the Products have characteristics and ingredients (i.e., contain sandalwood essential oil) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

45.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By using representations about sandalwood essential oil on the front label and advertising of the Products, Defendant has represented and continues to represent that the Products are of a particular standard (i.e., contain sandalwood essential oil) that they do not meet. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

46.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By using representations about sandalwood essential oil on the front label and advertising of the Products, and not delivering a Products with sandalwood essential oil, Defendant has advertised the Products with characteristics it intended not to provide to consumers. As such, Defendant has violated section 1770(a)(9) of the CLRA.

47.   At all relevant times, Defendant has known or reasonably should have known that the representations about sandalwood essential oil on the front label and advertising of the Products are false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on these representations when purchasing the Products. Nonetheless, Defendant deceptively advertises the Products as such in order to deceive consumers into believing they are receiving sandalwood essential oil.

48.   Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

49.   Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Products, or would not have purchased them at all, had they known that the Products do not contain sandalwood essential oil.

50.   Under Cal. Civ. Code § 1782, on July 28, 2023, the undersigned counsel sent Defendant a notice letter through certified mail, notifying Defendant of its violations under the CLRA (as well as other statutes and laws). More than 30 days have passed since Defendant's receipt of that notice letter, yet Defendant has not cured its false and deceptive conduct on a class-wide basis. As such, this Complaint seeks damages under the CLRA, as well all other available remedies. Moreover, on November 9, 2023, Plaintiff, through her counsel, sent a similar notice letter to Defendant through certified mail, notifying Defendant of its violations under the CLRA (as well as other statutes and laws). Defendant has yet to cure its deceptive labeling and advertising.

51.   Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is concurrently submitting a declaration of venue.

## SECOND CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500, *et seq*
### (*For the California Class*)

52.     Plaintiff repeats the allegations contained in paragraphs 1-40 above as if fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

54.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

55.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the proposed California Class, through its deceptive labeling and advertising, that the Products contain sandalwood essential oil. Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

56.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin

Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

## THIRD CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.*
### (*For the California Class*)

57.     Plaintiff repeats the allegations contained in paragraphs 1-40 above as if fully set forth herein.

58.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

59.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

60.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the proposed California Class.

61.     Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the labeling. Deceiving consumers into believing they will receive an air freshener with actual sandalwood essential oil is of no benefit to consumers.

-22-

Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the proposed California Class.

62.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Products contain sandalwood essential oil when they do not. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

63.     Plaintiff requests that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

## FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(*For the California Class*)

64.     Plaintiff repeats the allegations contained in paragraphs 1-40 above as if fully set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

66.     California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and

-23-

becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

67.   Defendant has expressly warranted on the Products' front packaging that the Products contain sandalwood essential oil. However, as alleged herein, these express representations are false and misleading. The Products do not contain sandalwood essential oil.

68.   Defendant's representations about sandalwood essential oil on the Products' front labels and advertising are: (a) affirmations of fact or promises made by Defendant to consumers that the Products contain sandalwood essential oil; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

69.   Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties and contain sandalwood essential oil.

70.   Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to provide the Products with sandalwood essential oil as promised on the Products' front label and advertising.

71.   Plaintiff and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated

with them. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

72.　On July 28, 2023, the undersigned counsel notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegation. On October 26, 2023, Plaintiff sent Defendant a notice letter notifying Defendant of its breach of warranty.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
(***For the California Class***)

73.　Plaintiff repeat the allegations contained in paragraphs 1-40 above as if fully set forth herein.

74.　Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendant.

75.　California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

76.　California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

77.　Defendant is a merchant with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

78.　By advertising the Products with representations about sandalwood essential oil on the Products' front label and advertising, Defendant made an implied promise that the Products contain sandalwood essential oil. However, the Products have not "conformed to the promises…made on the container or label" because the

Products do not contain sandalwood essential oil. Plaintiff, as well as other California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable. Therefore, the Products are not merchantable under California law and Defendant have breached its implied warranty of merchantability in regard to the Products.

79. If Plaintiff and members of the California Class had known that the Products' sandalwood essential oil representations were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

80. On July 28, 2023, the undersigned counsel notified Defendant of its breach of warranty by way of a notice letter outlining the foregoing allegation. On October 26, 2023, Plaintiff sent Defendant a notice letter notifying Defendant of its breach of warranty.

## SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Nationwide Class; alternatively, for the California Class*)

81. Plaintiff repeats the allegations contained in paragraphs 1-40 above as if fully set forth herein.

82. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

83. As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits (i.e., sandalwood essential oil) promised by Defendant through the Products' representations. Plaintiff and members of the proposed Classes have therefore been

induced by Defendant's misleading and deceptive representations about the Products, and paid more money to Defendant for the Products than they otherwise would and/or should have paid.

84.     Plaintiff and members of the proposed Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the proposed Classes.

85.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Classes—i.e., Plaintiff and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendant. Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them.

86.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful act described above;

1    D.    An award to Plaintiff and the proposed Classes of restitution and/or
2 other equitable relief, including, without limitation, restitutionary disgorgement of
3 all profits and unjust enrichment that Defendant obtained from Plaintiff and the
4 proposed Classes as a result of its unlawful, unfair and fraudulent business practices
5 described herein;

6    E.    An award of all economic, monetary, actual, consequential, and
7 compensatory damages caused by Defendant's conduct;

8    F.    An award of nominal, punitive, and statutory damages;

9    G.    An award to Plaintiff and her counsel of reasonable expenses and
10 attorneys' fees;

11    H.    An award to Plaintiff and the proposed Classes of pre and post-
12 judgment interest, to the extent allowable; and

13    I.    For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

15    Plaintiff, on behalf of herself and the proposed Classes, hereby demands a
16 jury trial with respect to all issues triable of right by jury.

17

18 DATED: November 21, 2023            **TREEHOUSE LAW, LLP**

19                                    By: /s/ *Benjamin Heikali*

20

21                                    Benjamin Heikali (SBN 307466)
                                      Ruhandy Glezakos (SBN 307473)
22                                    Joshua Nassir (SBN 318344)
                                      2121 Avenue of the Stars, Suite 2580
23                                    Los Angeles, CA 90067
                                      Telephone: (310) 751-5948
24                                    bheikali@treehouselaw.com
                                      rglezakos@treehouselaw.com
25                                    jnassir@treehouselaw.com

26
                                      *Attorneys for Plaintiff and the*
27                                    *Putative Classes*

28

## Venue Declaration Pursuant to Cal. Civ. Code 1780(d)

I, Paige Vasseur, declare as follows:

1.     I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2.     I believe that the Central District of California is the proper place for trial of this case because Los Angeles County, the county in which I purchased one of the Products, is in this District.

I declare under penalty of perjury that the foregoing is true and correct, executed on ___Nov. 20, 2023___ in Valencia, California

_____
Paige Vasseur